IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3151-F

| | |
|---|---|
| ROBERT WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN JONATHAN MINER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the court are the motions to dismiss [D.E. # 22, 26] of defendants United States Bureau of Prisons and the individually-named officers and employees of GEO Group, Inc., respectively. The Bureau seeks dismissal of any claim against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The GEO defendants seek dismissal of the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons that follow, the court will grant the motions to dismiss.

**STATEMENT OF THE CASE**

Plaintiff filed his complaint on July 18, 2011, at the latest.[1] Compl. [D.E. # 1] 21. Plaintiff's

---

[1] Plaintiff first states that his action is brought pursuant to "28 U.S.C. § 1331 [federal question jurisdiction], 28 U.S.C. § 1332 [diversity jurisdiction], 28 U.S.C. § 1346(b) [United States as a party] and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)." Compl. 1. However, elsewhere plaintiff alleges that "Jurisdiction lies in this Court pursuant to the Fourth Amendment violation Bivens Action and pursuant to 28 U.S.C.S. § 1346(b) and 28 U.S.C.S. § 1331." See id. at ¶ 18. Thus, although plaintiff at first purports to invoke this court's diversity jurisdiction under § 1332, he separately alleges that jurisdiction is predicated not
(continued...)

1

core factual allegation is that he was required to involuntarily expose himself to female guards and staff at the facility where he is incarcerated. He alleges that defendants

> knew of and disregarded Plaintiff's right to be secure in his person against unreasonable visual searches by opposite sex females, without probable cause to support the opposite sex visual searches in the absence of special circumstances. Plaintiff is a transgender male with breasts. He still has male genitals and is, more importantly, housed in a male prison as a man.

Compl. ¶ 7. Plaintiff alleges these "opposite sex visual searches" violated his Fourth Amendment privacy right to be "secure in his person against unreasonable searches." The complaint appears to allege, without setting forth specific instances, that plaintiff was repeatedly subject to these "visual searches," causing him significant embarrassment and humiliation. See, e.g., id. at ¶¶ 21, 22. Plaintiff seeks the sum of $500,000.00 from each named defendant for the "humiliation and embarrassment" caused by the defendants' violation of his right to privacy.

Defendant United States Bureau of Prisons ("BOP") filed a motion to dismiss [D.E. # 22] the complaint for lack of subject matter jurisdiction as to the BOP on April 26, 2012. Plaintiff filed a response [D.E. # 25] to the motion on May 7, 2012. The GEO defendants filed their motion to dismiss [D.E. # 26] the complaint for failure to state a claim upon which relief could be granted on

---

¹(...continued)
on diversity between the parties but, rather, because he raises a federal question and purports to sue the United States. As argued by the GEO defendants, plaintiff has failed to allege any facts establishing that complete diversity exists between the parties, as he is required to do. See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998). Plaintiff failed to plead any facts in the complaint regarding the residence or citizenship of himself and all defendants. In addition, in failing to file a response to the GEO defendants' motion to dismiss, plaintiff has failed to rebut their contention that diversity jurisdiction is lacking. Accordingly, given plaintiff's self-contradictory allegations regarding whether he invokes the court's diversity jurisdiction, plaintiff's failure to allege facts sufficient to establish complete diversity between the parties, and plaintiff's failure even to respond to defendants' claim that the court lacks diversity jurisdiction, the court declines to exercise diversity jurisdiction over any state law claims purportedly alleged in the complaint.

2

May 9, 2012. That same day, the court issued notice to plaintiff of the filing of the motion to dismiss. See Rule 12 Letter [D.E. # 28]. The notice described plaintiff's right to respond to the motion and the time for filing a response. To date, petitioner has not filed a response to the GEO defendants' motion to dismiss.

## BUREAU OF PRISONS' MOTION TO DISMISS

The BOP contends that, as an agency of the United States government, it is protected from plaintiff's suit by the doctrine of sovereign immunity. BOP's Supp. Mem. [D.E. # 23] 2-3. See Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). In his response, plaintiff appears to concede the merit of the BOP's motion. See Pl.'s Resp. [D.E. # 25] 1 ("The Plaintiff avers that as far as the sovereign immunity of the United States and the official capacities of the employees named defendants, the Plaintiff will concede on this point. There is no need to belabor."). Thus, because plaintiff does not contest the BOP's assertion that it is protected by sovereign immunity in this action, the motion to dismiss is due to be granted and plaintiff's claim against the BOP will be dismissed with prejudice.

## GEO DEFENDANTS' MOTION TO DISMISS

The individually-named GEO defendants contend that, given that plaintiff has failed to properly allege the existence of diversity jurisdiction, any remaining federal-question claims brought under Bivens fail to state a claim upon which relief could be granted because the GEO defendants may not be subject to suit under Bivens. GEO Defs.' Suppp. Mem. [D.E. # 27] 1. When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, while a reviewing court must "accept as true all well-leaded allegations and view the complaint in the light most favorable to the plaintiff, Philips, 572 F.3d at 180, the court still "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). In doing so, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

Courts have previously recognized a limited right to privacy similar to that described by plaintiff. For example, in Lee v. Downs, 641 F.2d 1117, 1119-20 (4th Cir. 1981), the Fourth Circuit observed that, while prisoners necessarily relinquish much of the expectation of privacy enjoyed by the unincarcerated, they maintain some protected right to privacy in the exhibition of their genitals. See id. at 1119 ("Most people, however, have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating. When not reasonably necessary, that sort of degradation is not to be visited upon those confined in our prisons."). Hence, the court determined, "male prisoners are . . . entitled to judicial protection of their right of privacy denied by the presence of female guards stationed in positions to observe the men while undressed or using toilets." Id. at 11120. While plaintiff

4

describes this "right to privacy" as flowing from the Fourth Amendment,[2] whether the right is protected by the Fourth Amendment, the Eighth Amendment, or due process, plaintiff is nonetheless correct that there is some limited recognition of the right he describes.

That plaintiff may have a limited right to privacy which he alleges was violated does not perforce dispose of the GEO defendants' motion to dismiss. Plaintiff's theory of jurisdiction and liability in the complaint is expressly predicated on Bivens. Compl. 1. "In Bivens, the Supreme Court held that violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages,' despite the absence of any federal statute creating liability." Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006) (quoting Bivens, 403 U.S. at 389). The individual GEO defendants named by plaintiff in this action are administrators and employees at Rivers Correctional Institution. "Rivers is privately owned and operated by GEO Group, a corporation that provides prisoner housing services under a contract with the Federal Bureau of Prisons." Defs.' Supp. Mem. [D.E. # 27] at 2. Thus, the individual defendants, as employees of GEO Group, are not agents or employees of the federal government. See Holly, 434

---

[2] The right to privacy recognized in Lee is protected by the Eighth Amendment's prohibition of cruel and unusual punishment, not the Fourth Amendment's prohibition of unreasonable searches and seizures. Lee, 641 F.2d at 1119. However, other courts have recognized a similar privacy right protected by the Fourth Amendment, see Cornwell v. Dahlberg, 963 F.2d 912, 916 (6th Cir. 1992), or as a liberty interest protected by due process, see Sepulveda v. Ramirez, 967 F.2d 1413, 1415-16 (9th Cir. 1992). The lack of specificity in plaintiff's allegations complicates any effort to discern which of these "rights" was allegedly violated by the GEO defendants. Plaintiff only complains about a "visual search," without any description of the circumstances of any such search. Thus, there are insufficient allegations to support any claim that plaintiff was actually searched, much less unreasonably so under the Fourth Amendment. Thus, if anything, it appears plaintiff's allegations hew closer to cases, like Lee, positing that unnecessarily compelled exhibition of an inmate's genitals to persons of the opposite-sex may violate the Eighth Amendment's prohibition on cruel and unusual punishment. Ultimately, the court need not resolve this issue because, as will be further discussed below, plaintiff may not proceed with his action under a Bivens theory of liability.

5

F.3d at 290; see also Minneci v. Pollard, 132 S.Ct. 617, 623 (2012). Because they are "private individuals, not government actors," plaintiff may not maintain a cause of action against them under Bivens if he has adequate remedies at state law. Holly, 434 F.3d at 290.

The court further finds that plaintiff has adequate remedies for defendants' alleged conduct in state tort law. Plaintiff's allegations, though lacking in specific details to allege all of the elements of certain torts, at least imply possible causes of action for, *inter alia*, negligence and negligent or intentional infliction of emotional distress. While it is possible that plaintiff may not ultimately be able to plead and prove all of the elements establishing all of these torts, there is no requirement that state tort law provide plaintiff with equal or superior remedies. Minneci, 132 S.Ct. at 624-25. Rather, when asked to imply a Bivens remedy where none has previously been recognized, the court is concerned only with the adequacy of available state law remedies. This requires the court to consider "whether, in general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." Id. at 625. Considering the exceedingly high standard of conduct required to sustain a claim of cruel and unusual punishment under the Eighth Amendment,[3]

---

[3] To succeed on a claim under the Eighth Amendment, plaintiff must show that defendants were deliberately indifferent to his health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence will not sustain such a claim. Rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. Sustaining an Eighth Amendment claim for deliberate indifference would be especially difficult in the unique circumstances of this case. Plaintiff's admission that he "is a transgender male" with some characteristics of female anatomy, Compl. ¶ 7, confirms that staff at Rivers were in a peculiar position regarding how best to discharge their essential correctional obligations while also respecting plaintiff's limited right to privacy. Any confusion or ignorance about how best to accommodate plaintiff's status within the correctional environment, even if indicative of negligence, very likely would not support a charge that defendants were sufficiently mentally culpable under the deliberate indifference standard.

6

the more relaxed standards applicable to at least some of the state law torts suggested by plaintiff's allegations compels the conclusion that state remedies are adequate and, therefore, the court need not imply a Bivens cause of action in this instance. See id. at 626 (holding that where "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law [], the prisoner must seek a remedy under state tort law."). Accordingly, plaintiff has failed to state a claim under Bivens and the GEO defendants' motion to dismiss is due to be granted.

## CONCLUSION

For all of the reasons given above, it is ORDERED that defendant Bureau of Prisons' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [D.E. # 22] is GRANTED and plaintiff's claim against the Bureau is DISMISSED with prejudice. It is further ORDERED that the GEO defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted [D.E. # 26] is GRANTED and the complaint is DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 7" day of February, 2013.

James C. Fox
JAMES C. FOX
Senior United States District Judge